```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Christopher Campbell

    v.                                           Civil No. 15-cv-088-JD
                                                         Opinion No. 2016 DNH 212

CGM, LLC


O R D E R

Christopher Campbell, brings this action against his former employer, CGM, LLC, asserting claims for breach of contract; fraud, deceit and misrepresentation; violation of the New Hampshire Consumer Protection Statute RSA Chapter 358-A; and unpaid wages. Both Campbell and CGM have filed motions for summary judgment. Campbell now moves to strike the declaration of Duane Szarek submitted by CGM in support of its objection to Campbell's motion for summary judgment. CGM objects to the motion to strike.[1]

Background

Christopher Campbell is an electrical engineer who founded a telecommunications company called Intellinet, Inc. In 2000, Intellinet began doing contract work for CGM, a company in Georgia in the business of telecommunications consulting that

---

[1] CGM filed a "corrected" objection on November 23, 2016, which included the exhibits that were cited in but not provided with the original objection.

was owned by Christopher Campbell's twin brother, Charles Campbell, and Kevin Murphy.  Christopher and Charles began negotiations for Christopher to work for CGM that culminated in an offer made to Christopher by CGM.  At that time, another company, CCG Consulting, was considering acquiring CGM.

Christopher signed an employment agreement in May of 2001 and began working for CGM in June.  Based on the terms of the employment agreement, Christopher expected to receive annual bonuses but no bonuses were paid.  CGM disputes the existence of an enforceable employment agreement and its terms.

When Christopher inquired about bonuses, he was told that CGM had no earnings so that no bonuses could be paid.  A few years later, CGM reduced Christopher's salary, again citing financial issues.  Christopher continued to ask for more money, but his requests were denied.  Beginning in 2009, CGM paid Christopher commissions on revenue from certain customers, but the amount of commissions to be paid generated issues between Christopher and CGM.

Discussions about Christopher's role in the company and his pay structure continued until November of 2014 when Christopher experienced a breakdown.  Christopher did not return to work during December of 2014 and January of 2015.  CGM terminated his

employment effective January 15, 2015.  Christopher then brought this action against CGM.

Christopher disclosed Paul Hendrickson, CPA, as an expert witness in this case, and provided Hendrickson's report to CGM. CGM had Hendrickson's report reviewed by Duane Szarek, CPA, who has served as CGM's accountant since 2014.  CGM did not disclose Szarek, or anyone else, as an expert.

CGM did disclose Szarek as a possible witness who might testify at trial under Federal Rule of Civil Procedure 26(a)(1). As part of that disclosure, CGM stated that Szarek had knowledge of the circumstances when Christopher Campbell was hired at CGM in 2001, about CGM's income in 2002 through 2004, and about CGM's profits since then and its revenue and earnings.  CGM also represented that Szarek could testify that CGM did not manipulate its revenue or earnings or divert funds to CGM's owners, that he could give his opinion about the veracity of CGM's "current and historic financial data and condition," and about the "accuracy and veracity" of CGM's books, records, financial data, and reporting.  When Szarek was deposed, however, he explained that he was hired by CGM in the middle of 2014, that he had no knowledge about Christopher Campbell's contribution to the company in 2001, did not know whether CGM had generated significant profits, and did not know whether

CGM's owners had misrepresented, manipulated, or diverted the company's revenue and earnings. Szarek also denied knowledge of CGM's past data and financial circumstances.

## Standard of Review

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). In addition, "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court may order other sanctions instead of or in addition to excluding the evidence. Id.

## Discussion

Christopher Campbell moved for partial summary judgment on his breach of contract claim and CGM's counterclaims for breach

of contract, conversion, violation of the Computer Fraud and Abuse Act, tortious interference, punitive damages, and an injunction.  In support of its objection to Campbell's motion for summary judgment, CGM submitted Szarek's declaration with his curriculum vitae and three attached exhibits.  Campbell moves to strike Szarek's declaration because CGM did not disclose Szarek as an expert in this case.

CGM objects to the motion to strike.  In support, CGM first argues that motions to strike under Federal Rule of Civil Procedure 12(f) are not favored.  Campbell's motion is not brought under Rule 12(f).  Therefore, CGM's objection based on Rule 12(f) is inapposite to the motion filed.

CGM asserts that Szarek is not offered as an expert so that no disclosure was required.  CGM asserts that Szarek offers lay opinion under Federal Rule of Evidence 701 and that Szarek is a fact witness who is providing information based on his personal knowledge and perceptions.  In addition, CGM argues that Campbell "opened the door to Szarek's testimony on damages" when Campbell's attorney asked Szarek about the expert's opinion during Szarek's deposition, and that Campbell's objection about the substance of the declaration does not support his motion.  As a fall-back position, CGM contends that even if some of the declaration is excluded as expert opinion, other parts, that are

not identified, should not be excluded and the exhibits attached to the declaration should be considered.

A.  Lay Opinion and Fact Witness

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Lay opinion must be based on reasoning that is familiar in everyday life and on things personally observed by the witness rather than on specialized knowledge or training. United States v. Vega, 813 F.3d 386, 394-95 (1st Cir. 2016); Providence Piers, LLC v. SMM New England, Inc., 2015 WL 9699936, at *8-*9 (D.R.I. Oct. 1, 2015); United States v. Tanguay, 895 F. Supp. 2d 284, 289 (D.N.H. 2012).

In the area of a business's financial information, a lay witness may be allowed to testify under Rule 701 "based on the witness's own perceptions and knowledge and participation in the day-to-day affairs of the business." A.J. Amer Agency, Inc. v. Astonish Results, LLC., 2014 WL 3496964 at *22 (D.R.I. July 11, 2014) (internal quotation marks omitted); see also Hand v. N.J. St. Ath. Control Bd., 2016 WL 5886877, at *3-*4 (D.N.J. Oct. 7,

2016).  For that reason, a company's accountant with personal knowledge of the company's books may testify about the specific factual information with which he is familiar from his work, that is, the accountant's personal knowledge based on his ordinary duties.  See United States v. Rigas, 490 F.3d 208, 225 (2d Cir. 2007); Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403-04 (3d Cir. 1980); Ga. Operaters Self-Insurers Fund v. PMA Mgmt. Corp., 143 F. Supp. 3d 1317, 1337 (N.D. Ga. 2015).  On the other hand, a witness, even the owner or officer of a business, cannot give opinions that require specialized accounting information or rely on a report or other input from third parties.  James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1214-16 (10th Cir. 2011).

Szarek states in his declaration that he reviewed Hendrickson's report and provides his opinions of Hendrickson's calculations of CGM's annual earnings.  He then provides his own opinions about Hendrickson's calculations and the reasons supporting his opinions, including reference to an exhibit titled "Robust Salary and Cost of Living Data at Your Fingertips" from the "Economic Research Institute."  As is clear from Szarek's deposition testimony, the information in his declaration is not based on Szarek's personal knowledge or his

every-day perceptions of business at CGM from his accounting work there.

In his calculations, Szarek reviews CGM's tax returns from 2001 through 2008, and 2010 through 2014.  Szarek, however, did not begin to provide accounting services to CGM until 2014.  CGM does not explain how Szarek had personal knowledge of the specific information he references from tax returns filed long before he began providing services to CGM, and Szarek's deposition testimony contradicts that basis for the declaration. Therefore, CGM has not shown that information taken from those tax returns, other than possibly 2014, are part of Szarek's personal knowledge and work experience at CGM.

As a result, Szarek's declaration does not provide lay opinion within the meaning of Rule 701 nor is Szarek providing facts based on his personal knowledge.  CGM's argument that Szarek merely did simple arithmetic ignores the sources of his information and his specialized knowledge of accounting practices necessary to address CGM's income, deductions, profit and loss, and compensation.  Further, Szarek's opinions about Hendrickson's calculations are not matters within his personal knowledge based on his day-to-day work for CGM.

B.  <u>Invited Testimony</u>

CGM asserts that Campbell "opened the door" to Szarek's testimony on damages when Campbell's counsel asked Szarek at his deposition if he agreed with Hendrickson's calculations.  CGM provides no authority to support an invited testimony theory in the context of summary judgment or to allow an undisclosed expert based on that theory.

CGM further argues, relying on <u>United States v. Candelaria-Silva</u>, 162 F.3d 698, 707 (1st Cir. 1998) that Szarek's declaration is "curative" of otherwise inadmissible evidence.  In <u>Candelaria-Silva</u>, the court allowed the government to question a witness about the defendant's drug activities to correct a misimpression from defense counsel's questioning that the defendant had not been involved.  <u>Id.</u>  Even if "curative admissibility" would apply in the context of summary judgment, CGM does not identify any inadmissible evidence submitted for purposes of the summary judgment motions that Szarek's declaration would correct.

C.  <u>Partial Exclusion</u>

CGM states in a conclusory manner that not all of Szarek's declaration and supporting exhibits should be struck as expert opinion.  CGM, however, does not explain what portions or exhibits might be allowed.  The court declines to make that

determination in the absence of a specific request by CGM supported by appropriate argument and authority.

D.  Result

CGM has not shown that Szarek's declaration is lay opinion under Rule 701 or that Szarek merely provides facts and simple arithmetic.  Instead, Szarek's declaration provides expert opinion about the validity of Hendrickson's expert report and about calculating CGM's annual income during periods that predate Szarek's work as an accountant for CGM.  Szarek's opinions are offered to oppose Christopher Campbell's claims in this case.

It is undisputed that CGM did not disclose Szarek as an expert witness and did not provide the information required by Rule 26(a)(2).  CGM has made no argument that its failure to make the required disclosures was substantially justified or harmless.  Therefore, Szarek's declaration cannot be considered for purposes of summary judgment and is struck.  Civ. P. 37(c)(1).

## Conclusion

For the foregoing reasons, the plaintiff's motion to strike (document no. 51) is granted.  The declaration of Duane Szarek

is struck and will not be considered for purposes of summary judgment.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

November 29, 2016

cc: Matthew T. Gomes, Esq.
    Timothy John McLaughlin, Esq.
    P. Shane O'Neill, Esq.
    David P. Slawsky, Esq.